## CALVIN ANDERSON v. THE STATE.

Where the accused had provoked a fight, in which he got worsted at fisticuffs, and on rising from the ground snatched his pistol and shot his antagonist, who was unarmed, it was not error to charge the jury that, if they believed the defendant killed the deceased in a sudden and unexpected fight, without previous malice, and with no time for deliberation, and no previously-formed design, he is guilty of murder in the second degree. (Paschal's Dig., Art. 2267, Note 672.)

If such a charge be subject to criticism, it is yet correct when taken in connection with a clear and unchallenged charge which defined all the degrees of homicide.

APPEAL from McLennan. The case was tried before Hon. JOHN C. WEST, a special judge chosen by the parties.

The appellant had been very abusive to Napoleon Varnell, a youth about his own age, in the morning. The insults were apparently without provocation. There was evidence, however, that the deceased bandied epithets with him. About 3 o'clock the deceased renewed the conversation, and demanded to know what he meant by insulting language. They came together, and accused dropped his

pistol. In the first fight the accused got the worst of it, and was heard to cry for his father.

A freedman ran for the father, who was in a store near by, and said, "They are killing your son." The father ran out. The scuffle had then ceased. A witness had made an effort to get possession of the pistol, but the appellant had wrenched it from his hands, and as soon as he recovered himself, at the distance of ten or fifteen feet, he fired upon and killed the deceased. As there was no question of self-defense in the matter, the issue was as to the degree of homicide. The part of the charge of the judge objected to is quoted by the counsel for appellant and by the court. In other respects the charge was a lucid following of the statute. The jury found a verdict for murder in the second degree, and assessed the punishment at six years' imprisonment in the penitentiary. The defendant appealed.

*Davis & Moore*, for appellant.—In this cause it is respectfully submitted to the honorable court: I. That the special judge who presided in the trial of this cause in the court below failed to charge the law properly, as he was bound to do. (O. & W. Dig., Art. 594.)

II. The court erred in his charge to the jury when defining murder in the second degree, when he said, "If you believe the defendant killed the deceased in a sudden and unexpected fight, without previous malice, and with no time for deliberation, and no previously-formed design, then he will be guilty of murder in the second degree." It is respectfully submitted that this charge was contrary to law, and well calculated to mislead the jury. (Maria v. The State, decided at the Austin term of the Supreme Court, 1866; [28 Tex., 698.]

*E. B. Turner, Attorney General,* for the state.—The charge given seems to be justified in every particular by decision

of this court; is exceedingly full, clear, and just; and, as a whole, without fault. No authority seems necessary to support its correctness.

In that case [28 Tex., 698] the defendant's child had been severely whipped, and the question there was, was there adequate cause for and did there in fact exist such a state of mind as rendered the defendant incapable of any design?

The court said in that case the charge there given would not be objectionable under another state of case.

In this case the defendant seemed determined to provoke a quarrel, and by persisting succeeded, and then killed his man, after he thought he had aggravated the deceased until he had put himself in the wrong.

CALDWELL, J.—We are of opinion that there is no error in the record, and that the judgment must be affirmed.

The indictment is for murder; verdict, murder in the second degree.

The charge of the court is elaborate, and, taken as a whole, quite accurate. In making the distinction between murder of the first and second degree this paragraph occurs:

"If you believe the defendant killed the deceased in a sudden and unexpected fight without previous malice, and with no time for deliberation, and no previously-formed design, then he will be guilty of murder in the second degree."

This is objected to, as calculated to mislead the jury, and preclude them from finding a verdict of manslaughter. Taken in connection with the facts, we do not so regard it. Malice is an essential ingredient of murder, and, whenever found to exist, there can be no such offense as manslaughter. The terms, "without previous malice" and "no previously-formed design," are used above to negative the idea of express malice, and to direct the mind of the jury to implied

malice, such as the law presumes from a sudden killing without "adequate cause," which would reduce the offense to manslaughter.

This view is more evident from the succeeding paragraph of the charge, which lays down the law of manslaughter with great liberality to the prisoner.

JUDGMENT AFFIRMED.